1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

Sabreena J. Schneider,

CASE NO. 2:11-cv-00004-MJP

11

Plaintiff,

ORDER ON MOTION FOR
RECONSIDERATION

12

v.

13

Twin City Fire Insurance Company,

14

Defendant.

15

16      The Court, having received and reviewed Defendant's Motion for Reconsideration (Dkt.

17   No. 52), and all attached declarations and exhibits, makes the following ruling:

18      IT IS ORDERED that the motion is DENIED.

19   **Background**

20      Defendant requests reconsideration of the Court's ruling denying motions for summary

21   judgment by both sides in this litigation. *See* Order on Motions for Summary Judgment, Dkt. No.

22   51. The Court denied summary to both sides on the basis of the disputed material facts regarding

23   Plaintiff's chiropractic treatments, and declined to rule on other issues raised by Defendant

24   (whether Defendant's use of a chiropractic report to deny further coverage was a "good faith"

ORDER ON MOTION FOR RECONSIDERATION-
1

1    mistake which cannot give rise to a bad faith claim, whether Defendant adequately "cured" any

2    statutory or regulatory violations by virtue of a letter offering to reinstate benefits ["the October

3    5, 2010 letter"] and whether Plaintiff actually suffered any damages following the denial of

4    benefits in April 2009) on the grounds that these would merely be advisory rulings and *dicta* to

5    the central holding of the order.  Id. at 6.

6    **Discussion/Analysis**

7         Defendant moves for reconsideration of the Court's decision not to rule on three

8    outstanding legal issues which it believes were raised in its summary judgment motion:

9    1.  Whether Twin City's use of the chiropractic evaluation in the first place was a "good
         faith" mistake
10   2.  Whether Twin City cured any IFCA, CPA and/or bad faith violations by means of its
         letter of October 5, 2010 (rescinding its denial and indicating it would send additional
11       payments owed to providers directly to them)
     3.  Whether Twin City caused any damage to Plaintiff.

12
     Defendant further moves for reconsideration of the ruling that the use of a chiropractic
13
     evaluation violates the WAC requirement that "[h]ealth care professionals with whom the insurer
14
     will consult regarding its decision to deny, limit or terminate an insured's medical and hospital
15
     benefits shall be currently licensed, certified or registered *in the same health field or specialty* as
16
     the health care professional that treated the insured."  WAC 284-30-395 (emphasis supplied).
17
         In retrospect, the Court agrees that that a ruling could have issued on two of the three points
18
     raised by Defendant independent of the ruling regarding the disputed issue of material fact; much
19
     of Defendant's motion was premised on their original understanding that Plaintiff never had been
20
     treated by a chiropractor, therefore the fact that she may or may not have received chiropractic
21
     treatment was not material to the issues it raised.  Nevertheless, the Court does not find that
22
     Defendant is entitled to prevail on those issues, which are analyzed *infra*.
23

24

ORDER ON MOTION FOR RECONSIDERATION-
2

Good faith mistake

1      While Plaintiff alleges no facts to suggest that Defendant's decision to use a chiropractic

2 evaluation as the basis for curtailing her benefits was anything other than a mistake, that finding

3 alone does not entitle Defendant to judgment as a matter of law.  The insurer is only entitled to

4 prevail on a "good faith mistake" defense if, construing the facts most favorably for Plaintiff, the

5 insurer acted *reasonably* as a matter of law.  Smith v. Safeco Ins. Co., 150 Wn.2d 478, 485

6 (2003).  The Court cannot rule as a matter of law that Defendant's decision to substitute the

7 judgment of a chiropractor for a medically-trained and certified back specialist was a reasonable

8 reading of the Washington Administrative Code (WAC) at issue here.  In addition to the

9 analogous ruling of Miller v. Peterson (42 Wn.App. 822, 8312 (1986)) – discussed in the order at

10 Pages 5-6 – the Court is simply not prepared to rule that it is reasonable, as a matter of law, to

11 equate the training, certification and skills of a chiropractor to those of a medical doctor.

12 Defendant has cited no case where the practitioners of a medical field who can prescribe drugs

13 and perform invasive surgery on a patient have been found to be "licensed, certified or registered

14 in the same health field or specialty" as practitioners who cannot, and the argument has no

15 intuitive or logical appeal to this Court.

The October 5, 2010 letter  and IFCA "cure"

16      Defendant is correct when it argues that the October 5, 2010 letter satisfied the IFCA

17 requirements for curing its original oversight except for the fact that its response was

18 approximately 20 days outside of the 20-day period established by the statute in which an insurer

19 can safely "cure" following an improper denial or termination.  Twin City argues that its letter

20 and the offer therein satisfied the public policy concerns and legislative intent behind IFCA, but

21 the Court finds that curing in a timely fashion is just as much a part of the legislative intent as

ORDER ON MOTION FOR RECONSIDERATION-
3

1   any of the other provisions of the statute.  Defendant does not even offer an explanation for the

2   delay; it appears that it simply wishes the Court to ignore the fact that it did not fully comply

3   with the statutory scheme.  Defendant is not entitled to a summary judgment ruling that it

4   successfully "cured" any violations.

5   <u>No harm to Plaintiff</u>

6         Defendant claims that it "has offered uncontroverted proof that Ms. Schneider has not

7   experienced any damage as a result of Twin City's alleged actions."  Motion, p. 6.  In the first

8   place, a review of Defendant's original motion for summary judgment discloses that the insurer

9   did not request summary judgment on this issue.

10         Secondly, Defendant bases its argument on its proof that Plaintiff was able, through a

11   combination of other insurance coverage and her own resources, to pay for all the treatments she

12   received following their termination of benefits.  The Court does not find this fact tantamount to

13   proof that Plaintiff suffered no damages.  Viewing the facts in the light most favorable to the

14   non-movant, the Court finds that Plaintiff might have foregone treatments for the period during

15   which she was being denied benefits.  Furthermore, Plaintiff's complaint requests damages for

16   emotional distress (Dkt. No. 1, Ex. 2, p. 8), and even Defendant concedes that Plaintiff's

17   testimony is that she had a "hard time" dealing with the improper termination of her benefits by

18   Twin City.  Motion, p. 6.  Defendant is not entitled to a finding that it has established "no harm"

19   to Plaintiff as a matter of law.

20   <u>*Miller v. Peterson* and the "in the same health field or specialty" requirement</u>

21         Defendant argues that, under the <u>Miller</u> case, "a practitioner from one school of medicine

22   cannot testify as to the standard of care utilized by a practitioner from another school of medicine

23   *unless the treatment methods are or should be the same for both schools of medicine."* <u>Miller</u>,

24

ORDER ON MOTION FOR RECONSIDERATION-
4

1  42 Wn.App. at 832 (emphasis supplied).  Twin City states, without citation to any authority nor

2  any evidentiary proof, that "[a] chiropractor's treatment of Ms. Schneider's injuries would have

3  been similar to the treatment methods of her medical rehabilitation specialists."  Motion, at 6-7.

4  The Court is comfortable taking judicial notice of the fact that M.D.'s and chiropractors do not

5  use the same treatment methods.  While there may be some overlap in their treatment modalities,

6  in the absence of any admissible evidence of such an overlap in this matter, the Court sees no

7  reason to alter its original ruling.

8  **Conclusion**

9      Defendant's motion is granted to the extent that the Court agrees with Twin City that the

10  other issues it raised in its original summary judgment motion could properly have been ruled

11  upon.  The Court corrects that oversight by considering those issues in this order, and DENYING

12  summary judgment on them as well.  The Court declines to reconsider its ruling on the "same

13  health field or specialty" issue, and so DENIES Defendant's motion in that regard as well.

14

15      The clerk is ordered to provide copies of this order to all counsel.

16      Dated February 10, 2012.

17

18

19                Marsha J. Pechman

20                United States District Judge

21

22

23

24

ORDER ON MOTION FOR RECONSIDERATION-
5