UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Sabreena J. Schneider,

        Plaintiff,

  v.

Twin City Fire Insurance Company,

        Defendant.

CASE NO. 2:11-cv-00004-MJP

ORDER ON MOTION FOR RECONSIDERATION

The Court, having received and reviewed Defendant's Motion for Reconsideration (Dkt. No. 52), and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is DENIED.

**Background**

Defendant requests reconsideration of the Court's ruling denying motions for summary judgment by both sides in this litigation. *See* Order on Motions for Summary Judgment, Dkt. No. 51. The Court denied summary to both sides on the basis of the disputed material facts regarding Plaintiff's chiropractic treatments, and declined to rule on other issues raised by Defendant (whether Defendant's use of a chiropractic report to deny further coverage was a "good faith"

mistake which cannot give rise to a bad faith claim, whether Defendant adequately "cured" any statutory or regulatory violations by virtue of a letter offering to reinstate benefits ["the October 5, 2010 letter"] and whether Plaintiff actually suffered any damages following the denial of benefits in April 2009) on the grounds that these would merely be advisory rulings and *dicta* to the central holding of the order. Id. at 6.

**Discussion/Analysis**

Defendant moves for reconsideration of the Court's decision not to rule on three outstanding legal issues which it believes were raised in its summary judgment motion:

1. Whether Twin City's use of the chiropractic evaluation in the first place was a "good faith" mistake
2. Whether Twin City cured any IFCA, CPA and/or bad faith violations by means of its letter of October 5, 2010 (rescinding its denial and indicating it would send additional payments owed to providers directly to them)
3. Whether Twin City caused any damage to Plaintiff.

Defendant further moves for reconsideration of the ruling that the use of a chiropractic evaluation violates the WAC requirement that "[h]ealth care professionals with whom the insurer will consult regarding its decision to deny, limit or terminate an insured's medical and hospital benefits shall be currently licensed, certified or registered *in the same health field or specialty* as the health care professional that treated the insured." WAC 284-30-395 (emphasis supplied).

In retrospect, the Court agrees that that a ruling could have issued on two of the three points raised by Defendant independent of the ruling regarding the disputed issue of material fact; much of Defendant's motion was premised on their original understanding that Plaintiff never had been treated by a chiropractor, therefore the fact that she may or may not have received chiropractic treatment was not material to the issues it raised. Nevertheless, the Court does not find that Defendant is entitled to prevail on those issues, which are analyzed *infra*.

Good faith mistake

While Plaintiff alleges no facts to suggest that Defendant's decision to use a chiropractic evaluation as the basis for curtailing her benefits was anything other than a mistake, that finding alone does not entitle Defendant to judgment as a matter of law.  The insurer is only entitled to prevail on a "good faith mistake" defense if, construing the facts most favorably for Plaintiff, the insurer acted *reasonably* as a matter of law.  Smith v. Safeco Ins. Co., 150 Wn.2d 478, 485 (2003).  The Court cannot rule as a matter of law that Defendant's decision to substitute the judgment of a chiropractor for a medically-trained and certified back specialist was a reasonable reading of the Washington Administrative Code (WAC) at issue here.  In addition to the analogous ruling of Miller v. Peterson (42 Wn.App. 822, 8312 (1986)) – discussed in the order at Pages 5-6 – the Court is simply not prepared to rule that it is reasonable, as a matter of law, to equate the training, certification and skills of a chiropractor to those of a medical doctor. Defendant has cited no case where the practitioners of a medical field who can prescribe drugs and perform invasive surgery on a patient have been found to be "licensed, certified or registered in the same health field or specialty" as practitioners who cannot, and the argument has no intuitive or logical appeal to this Court.

The October 5, 2010 letter and IFCA "cure"

Defendant is correct when it argues that the October 5, 2010 letter satisfied the IFCA requirements for curing its original oversight except for the fact that its response was approximately 20 days outside of the 20-day period established by the statute in which an insurer can safely "cure" following an improper denial or termination.  Twin City argues that its letter and the offer therein satisfied the public policy concerns and legislative intent behind IFCA, but the Court finds that curing in a timely fashion is just as much a part of the legislative intent as

any of the other provisions of the statute. Defendant does not even offer an explanation for the delay; it appears that it simply wishes the Court to ignore the fact that it did not fully comply with the statutory scheme. Defendant is not entitled to a summary judgment ruling that it successfully "cured" any violations.

No harm to Plaintiff

Defendant claims that it "has offered uncontroverted proof that Ms. Schneider has not experienced any damage as a result of Twin City's alleged actions." Motion, p. 6. In the first place, a review of Defendant's original motion for summary judgment discloses that the insurer did not request summary judgment on this issue.

Secondly, Defendant bases its argument on its proof that Plaintiff was able, through a combination of other insurance coverage and her own resources, to pay for all the treatments she received following their termination of benefits. The Court does not find this fact tantamount to proof that Plaintiff suffered no damages. Viewing the facts in the light most favorable to the non-movant, the Court finds that Plaintiff might have foregone treatments for the period during which she was being denied benefits. Furthermore, Plaintiff's complaint requests damages for emotional distress (Dkt. No. 1, Ex. 2, p. 8), and even Defendant concedes that Plaintiff's testimony is that she had a "hard time" dealing with the improper termination of her benefits by Twin City. Motion, p. 6. Defendant is not entitled to a finding that it has established "no harm" to Plaintiff as a matter of law.

Miller v. Peterson and the "in the same health field or specialty" requirement

Defendant argues that, under the Miller case, "a practitioner from one school of medicine cannot testify as to the standard of care utilized by a practitioner from another school of medicine *unless the treatment methods are or should be the same for both schools of medicine."* Miller,

42 Wn.App. at 832 (emphasis supplied). Twin City states, without citation to any authority nor any evidentiary proof, that "[a] chiropractor's treatment of Ms. Schneider's injuries would have been similar to the treatment methods of her medical rehabilitation specialists." Motion, at 6-7. The Court is comfortable taking judicial notice of the fact that M.D.'s and chiropractors do not use the same treatment methods. While there may be some overlap in their treatment modalities, in the absence of any admissible evidence of such an overlap in this matter, the Court sees no reason to alter its original ruling.

**Conclusion**

Defendant's motion is granted to the extent that the Court agrees with Twin City that the other issues it raised in its original summary judgment motion could properly have been ruled upon. The Court corrects that oversight by considering those issues in this order, and DENYING summary judgment on them as well. The Court declines to reconsider its ruling on the "same health field or specialty" issue, and so DENIES Defendant's motion in that regard as well.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 10, 2012.

Marsha J. Pechman
United States District Judge